IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DIONDREY HARDWICT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:23-cv-01011-AGF |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Diondrey Hardwict's motion filed under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. On April 14, 2021, Petitioner pled guilty to one count of possession with intent to distribute fentanyl, in violation of 21 U.S.C. § 841(a)(1). In exchange for Petitioner's guilty plea pursuant to a binding plea agreement under Fed. R. Crim. P. 11(c)(1)(C), the Government dismissed a charge against Petitioner for his distribution of controlled substances to several individuals, one of whom died as a result thereof. The Court accepted Petitioner's plea and, on July 19, 2021, the Court sentenced Petitioner to 216 months' imprisonment. *United States v. Hardwict*, No. 4:18-cr-00925-AGF-1 (E.D. Mo.) at ECF. No. 123.[1] The sentence was an upward departure from the applicable United States Sentencing Guidelines range to account for the dismissal of the other charge, the conviction for which would have carried a mandatory minimum term of life imprisonment without the

[1] References to the underlying criminal case are designated as "Crim. Doc. No. ___").

possibility of parole. The Court also ordered restitution in the amount of $6,782.62. Petitioner appealed this judgment.

On appeal, Petitioner's appointed counsel filed an *Anders*[2] brief, seeking to withdraw from the case. The Eighth Circuit identified certain formatting "deficiencies," which prompted Petitioner's counsel to refile his brief with those errors corrected. *United States v. Hardwict*, No. 21-2724 (8th Cir. May 12, 2022) (brief deficiency notice). The Eighth Circuit then denied counsel's motion to withdraw and specifically directed the parties to file letter briefs, not to exceed 4,000 words, answering two questions: "Was the district court's restitution award plainly erroneous? If so, is it otherwise covered by the appeal waiver?" *United States v. Hardwict*, No. 21-2724 (8th Cir. Aug. 24, 2022) (order denying counsel's motion to withdraw). As instructed, Petitioner's appellate counsel submitted a letter brief substantively addressing those issues. *United States v. Hardwict*, No. 21-2724 (8th Cir. Sept. 7, 2022) (appellant's letter brief). Petitioner also submitted a letter in response to the court's questions that included a brief allusion to the ineffective assistance of trial counsel. *United States v. Hardwict*, No. 21-2724 (8th Cir. Sept. 7, 2022) (appellant's letter). Ultimately, the Eighth Circuit dismissed Petitioner's appeal and granted appellate counsel permission to withdraw, determining that the "broad appeal waiver" set forth in Petitioner's plea agreement was enforceable and that there had been no error with respect to restitution. *United States v. Hardwict*, No. 21-2724, 2022 WL 4682646, at *1 (8th Cir. Oct. 3, 2022) (per curiam).

---

[2] *Anders v. California*, 386 U.S. 738 (1967).

Petitioner filed a timely pro se motion under § 2255, in which he claims that (1) trial counsel was ineffective for failing to seek or obtain a conditional plea agreement preserving his ability to appeal the denial of his motion to suppress certain evidence obtained during the criminal investigation. Petitioner also claims that (2) appellate counsel was ineffective for filing an *Anders* brief that initially contained certain formatting deficiencies and inadequately addressed issues on which the Eighth Circuit requested supplemental briefing.[3] As the record conclusively demonstrates that Petitioner is not entitled to relief, the Court will deny Petitioner's motion without a hearing.

## BACKGROUND

### Criminal Proceedings

As part of the guilty plea agreement signed by both parties, Petitioner stipulated to the following facts. On May 17, 2018, the Florissant Police Department responded to an emergency call to Pacer Court in Florissant, Missouri, where they discovered an unresponsive female, R.H., who was pronounced deceased. A medical examiner later determined that R.H. had died as a result of "acetyl fentanyl, fentanyl and cocaine intoxication." Crim. Doc. No. 110 at 4. Investigators learned that R.H. had been ingesting controlled substances that a witness had purchased from a person known as

[3] Separately, Petitioner filed a second motion to reduce his sentence under Amendment 821. Crim. Doc. No. 177. The Court denied this same motion on March 4, 2024, and has denied Petitioner's second motion by separate order. Crim. Doc. No. 184.

"CJ." The witness provided investigators with "CJ's" phone number, and investigators determined that "CJ" was Petitioner Diondrey Hardwict.

To confirm Petitioner's identity, investigators utilized a confidential informant to conduct two controlled purchases of fentanyl from Petitioner and then obtained a search warrant for Petitioner's residence. Investigators executed the search warrant on July 2, 2018, and Petitioner was present at his residence at the time. Investigators located controlled substances, including 12.8 grams of fentanyl and 8 grams of cocaine, each packaged in small bags and prepared for sale, along with a digital scale, an electronic money counter, and $4,626.00 in cash. They also recovered a cellphone that was associated with the phone number the witness had provided for "CJ."

Petitioner was arrested and advised of his *Miranda*[4] rights, and Petitioner agreed to answer questions. During this interview, Petitioner admitted that he had been selling "a little bit of everything," including cocaine, fentanyl, and heroin, to "make ends meet." Crim. Doc. No. 110 at 5.

**<u>a. Indictment and Pretrial Proceedings</u>**

Petitioner was indicted on November 8, 2018. Crim. Doc. No. 1. The original indictment charged Petitioner with distribution of Acetyl-fentanyl resulting in death, in violation of 21 U.S.C. § 841(a). Petitioner initially pled not guilty and filed pretrial motions, including a motion to suppress evidence, statements, and identification. Crim. Doc. No. 31. Following an evidentiary hearing, the Magistrate Judge issued a Report and

4 *Miranda v. Arizona*, 384 U.S. 436 (1966).

Recommendation ("R&R") recommending that Petitioner's motion to suppress be denied. Crim. Doc. No. 67. Upon de novo review, the Court overruled Petitioner's objections and adopted the R&R. Crim. Doc. No. 81. Petitioner also filed a motion to dismiss the indictment for failure to state an offense, maintaining that the indictment charged Petitioner with distributing only one of three substances that killed R.H. Crim. Doc. No. 30. As a result, the Government sought and the grand jury returned a superseding indictment on September 5, 2019 that contained two counts: (1) distribution of a controlled substance resulting in death, in violation of 21 U.S.C. § 841(a); and (2) possession with intent to distribute fentanyl, in violation of 21 U.S.C. § 841(a)(1).

**b. Change of Plea**

Petitioner pled guilty to count two pursuant to the written plea agreement executed on April 13, 2021. Crim. Doc. No. 110. In exchange for Petitioner's guilty plea, the Government agreed to dismiss the charge for distribution of a controlled substance resulting in death, which carried a mandatory minimum life sentence. The Government also agreed that no further federal prosecution would be brought in this Court relative to Petitioner's distribution of controlled substances resulting in R.H.'s death.

As part of the binding plea, the parties also agreed that the sentence would run concurrently with any sentence imposed for Petitioner's violation of the terms of his supervised release, in Case No. 4:09-CR-00469.[5] In the agreement, the parties waived any right to appeal any non-sentencing issues, including any issues related to pretrial

[5] Petitioner was sentenced to a term of 40 months' imprisonment, concurrent with the sentence in this case.

motions, as well as any sentencing issues in the event the Court accepted the recommendation for an aggregate sentence of 216 months.

At the change-of-plea hearing held the day after the plea agreement was executed, Petitioner testified that he was satisfied with his attorney's performance, that his attorney did everything Petitioner asked him to do, and that there was nothing that Petitioner could think of that his attorney should have done but did not do. Petitioner confirmed that he understood the terms of the indictment and plea agreement, including the agreement's binding nature under Fed. R. Crim. P. 11(c)(1)(C). Petitioner also affirmed that he understood the rights he was giving up by pleading guilty, including his right to a trial. He also acknowledged his understanding of the waiver of appeal provisions, and that Petitioner was giving up his right to appeal the Court's decision denying his motion to suppress. Further, Petitioner confirmed that he was guilty of the crime to which he was pleading guilty, and that he understood that if his plea was accepted by the Court, he would be adjudged guilty of that offense. Finally, Petitioner confirmed that there were no other promises made to induce him to plead guilty that were not written down in the plea agreement, and that no one was forcing him to plead guilty rather than going to trial. The Court ascertained the factual basis for the guilty plea and accepted the binding plea agreement as knowing, intelligent, and voluntary. Crim. Doc. No. 148.

On July 19, 2021, the Court sentenced Petitioner to 216 months' imprisonment and three years of supervised release, concurrent with the sentence for his supervised release violation, in line with the plea agreement's joint recommendation. Crim. Doc. No. 123; Crim. Doc. No. 110 at 2. The imposed sentence represented an upward departure from

the applicable Sentencing Guidelines range, a variance justified by the benefit to Petitioner from the dismissal of the charge with a mandatory minimum life sentence. Crim. Doc. No. 110 at 2. The Court also considered the sentencing factors under 18 U.S.C. § 3553(a) and determined that, considering Petitioner's personal history and upbringing, the 216-month sentence was sufficient but not greater than necessary. The Court further ordered Petitioner to pay $6,782.62 in restitution.

**Motion to Vacate**

Petitioner makes two arguments in his pro se motion under § 2255. First, Petitioner claims that he lacked effective legal representation during plea negotiations, asserting that his attorney's failure to pursue a conditional plea deprived him of an appeal of the denial of his motion to suppress evidence. He further asserts that there is a reasonable probability that if appealed, the denial of the motion to suppress would be reversed. Second, he alleges ineffective assistance of counsel during the appeal process, citing deficiencies in appellate counsel's performance, including counsel's filing of a defective *Anders* brief. Petitioner maintains that counsel's brief was inadequate for failing to raise his argument regarding the ineffective assistance of trial counsel, and for insufficiently addressing the issues on which the Eighth Circuit requested supplemental briefing. Petitioner further argues that appellate counsel's letter brief in response to the Eighth Circuit's questions was inadequate. He contends that these failures amounted to a constructive denial of counsel on appeal.

The Government responds that each of Petitioner's claims is without merit. Regarding the first claim, the Government maintains that Petitioner's argument relies

entirely on *post hoc* speculation, failing to meet the prejudice requirement. Additionally, the Government asserts that there is no evidence to support the notion that it would have offered a conditional plea. Concerning the second claim, the Government submits that Petitioner has not shown any deficiencies in appellate counsel's performance and has not suffered prejudice due to counsel's decisions. Overall, the Government asserts that Petitioner has failed to demonstrate ineffective assistance of counsel at both the trial and appellate levels, urging the Court to dismiss the motion without holding an evidentiary hearing.

## DISCUSSION

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Section 2255 rights can be waived in a plea agreement if a defendant knowingly and voluntarily makes the "decision to be bound by the provisions of the plea agreement, including the waiver provisions." *DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000). However, a petitioner's ineffective assistance of counsel claim is properly raised under Section 2255 rather than on direct appeal. *United States v. Davis*, 452 F.3d 991, 994 (8th Cir. 2006).

To establish ineffective assistance of counsel, the petitioner must show that counsel's representation "fell below an objective standard of reasonableness" and that such deficiencies in performance were "prejudicial to the defense." *Strickland v.*

*Washington*, 466 U.S. 668, 688, 692 (1984); *accord Davis v. United States*, 858 F.3d 529, 532 (8th Cir. 2017). "If the petitioner makes an insufficient showing on one component, the court need not address both components." *Kingsberry v. United States*, 202 F.3d 1030, 1032 (8th Cir. 2000).

To satisfy *Strickland*'s first prong, the petitioner must show that counsel's performance was "objectively unreasonable." *Roe v. Delo*, 160 F.3d 416, 418 (8th Cir. 1998). "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. To fulfill *Strickland*'s second prong, in the context of a guilty plea, the petitioner must show a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). To demonstrate prejudice from appellate counsel's deficient performance, the petitioner must show a "reasonable probability that the outcome of the appeal would have been different" if counsel had raised a claim. *Roe*, 160 F.3d at 418 (quoting *Chambers v. Bowersox*, 157 F.3d 560, 566 (8th Cir. 1998)). "A reasonable probability is a probability sufficient to undermine confidence in the outcome or a substantial, not just conceivable, likelihood of a different result." *Meza-Lopez v. United States*, 929 F.3d 1041, 1044–45 (8th Cir. 2019) (citation modified).

**Ineffective Assistance of Trial Counsel**

Petitioner contends that his trial counsel performed deficiently by failing to seek a conditional plea agreement. Absent this allegedly deficient performance, Petitioner maintains that there is a reasonable probability that he would have accepted a conditional

plea and therefore preserved his right to appeal this Court's previous denial of his motion to suppress evidence. Such contentions lack merit.

Defendants are entitled to the effective assistance of counsel during plea negotiations. *Lafler v. Cooper*, 566 U.S. 156, 162 (2012). "[A]s a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Missouri v. Frye*, 566 U.S. 134, 145 (2012). However, "a defendant has no right to be offered a plea." *Id*. at 148; *accord Weatherford v. Bursey*, 429 U.S. 545, 561 (1977) (observing that "there is no constitutional right to plea bargain"). Moreover, criminal defendants have no right to enter conditional pleas under federal law. *United States v. Bundy*, 392 F.3d 641, 647 (4th Cir. 2004) ("Criminal defendants have no right to enter a conditional plea."); *United States v. Davis*, 900 F.2d 1524, 1526 (10th Cir. 1990) ("The law affords [defendants] neither a right to enter a conditional plea nor a right to enter a plea bargain."). Accordingly, defense counsel's failure to seek a conditional plea does not render his assistance ineffective. *See United States v. Alvarez-Quiroga*, 901 F.2d 1433, 1437 (7th Cir. 1990); *see also United States v. Webb*, 120 F.3d 271, 271 (10th Cir. 1997) (unpublished table decision) (emphasizing that the "attorney's failure to negotiate a conditional guilty plea preserving the right to appeal the suppression issue cannot be unreasonably deficient performance because [the petitioner] had no right to enter a conditional guilty plea in the first place").

Regarding prejudice, Petitioner maintains that there is a "reasonable probability that [he] would have accepted a conditional plea" had one been sought, and that the order

denying the motion to suppress would have been reversed. ECF No. 1 at 23. However, Petitioner presents no evidence that such a plea was reasonably available. Conditional pleas may only be entered "[w]ith the consent of the court and the government." Fed. R. Crim. P. 11(a)(2). Here, the Government represents, and the Petitioner does not dispute, that it is the "ordinary custom and practice in this district not to offer conditional plea deals." ECF No. 8 at 10. The Government further maintains that had such a plea been sought, the Government would not have accepted, *id.* at 10 n.2, thereby foreclosing Petitioner's argument that counsel could have successfully negotiated for a conditional plea. Further, although Petitioner asserts there is a reasonable probability that the order denying the motion to suppress would have been reversed, he presents no basis for that contention. He offers no infirmities in the Court's prior order on the motions, and the Court perceives none.

Petitioner's assertion that he was prejudiced by counsel's failure to seek a conditional plea is further undermined by his sworn statements during the plea colloquy. "Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." *Meza-Lopez*, 929 F.3d at 1045 (citation omitted). "Instead, judges should look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Id.* (citation modified). In particular, a "defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." *Adams v. United States*, 869 F.3d 633, 635 (8th Cir. 2017) (citation omitted). During Petitioner's plea hearing, he affirmed that he was satisfied with trial

counsel's representation, and that there was nothing that counsel should have done or refused to do in representing Petitioner. Crim. Doc. No. 148 at 12–13. Petitioner also confirmed his understanding that he was giving up appellate claims related to the denial of his previous motions, "including any motions to dismiss the indictment and motions to suppress evidence." Crim. Doc. 148 at 63. *See, e.g.*, *United States v. McIntosh*, 492 F.3d 956, 960 (8th Cir. 2007) (upholding an appeal waiver where the district court "questioned [the petitioner] about his understanding of the waiver during the change of plea hearing").

For the foregoing reasons, the Court will deny Petitioner's ineffective assistance of trial counsel claim.

**<u>Ineffective Assistance of Appellate Counsel</u>**

Petitioner also asserts a claim for ineffective assistance of appellate counsel. Petitioner argues that counsel's performance was deficient, as evidenced by his (1) filing an *Anders* brief that had to be refiled to correct deficiencies; (2) failing to properly address issues in his refiled *Anders* brief, including Petitioner's ineffective assistance of trial counsel claim and challenge to the restitution award; and (3) submitting an inadequate letter brief in response to the Eighth Circuit's questions.

As a threshold matter, that counsel filed an *Anders* brief does not automatically render counsel's assistance ineffective. *See United States v. Davis*, 508 F.3d 461, 463–64 (8th Cir. 2007) (noting that filing an *Anders* brief is not in itself ineffective). Appointed appellate counsel may file an *Anders* brief and request permission to withdraw when he or she believes there are no non-frivolous grounds for appeal. *See Anders*, 386 U.S. at 744. Counsel is required to make a conscientious examination of the case and provide a

brief that outlines any nonfrivolous appealable issues. *Id.* Petitioner's appellate counsel did so here. Although his initial brief contained certain formatting deficiencies, counsel promptly refiled a corrected brief when alerted to them.

Petitioner argues that the refiled *Anders* brief failed to properly raise issues that were available for appeal. To the extent that Petitioner's claim rests on appellate counsel's failure to raise his ineffective assistance of trial counsel claim on direct appeal, it is without merit. Ineffective assistance of counsel claims are generally raised for the first time in a § 2255 motion, rather than on direct appeal. *E.g.*, *Davis*, 452 F.3d at 994.

Moreover, counsel did note in his *Anders* brief that restitution was absent from the plea agreement, such that challenges to the Court's restitution order could have fallen outside the agreement's purview. Employing the Eighth Circuit's "usual remedy when confronted with" nonfrivolous issues in an *Anders* brief, the court "order[ed] counsel to more fully brief the issue." *Davis*, 508 F.3d at 464. Counsel promptly did so in accordance with the court's instructions, submitting a letter brief[6] that substantively answered the questions posed and cited relevant facts and case law. The Eighth Circuit thereafter concluded that there was no error with respect to restitution. Because the Eighth Circuit received adversarial briefing in the form it requested, Petitioner cannot

---

6 Petitioner's contention that appellate counsel "failed to file a new brief" and instead "simply submitted a 5-page letter brief" on the restitution issue is similarly without merit. ECF No. 1 at 26. By submitting a letter brief, appellate counsel followed the Eighth Circuit's explicit instructions to submit a "letter brief[], which may not exceed 4,000 words, by September 6, 2022." *United States v. Hardwict*, No. 21-2724 (8th Cir. Aug. 24, 2022) (order denying counsel's motion to withdraw).

demonstrate that the outcome of the appeal would have been different had counsel fully briefed the restitution issue in his refiled *Anders* brief.

Finally, the case law to which Petitioner invites the Court's attention does not provide a basis for relief. In *Hendricks v. Lock*, 238 F.3d 985 (8th Cir. 2001), for example, appellate counsel presented arguments that he "left unsupported by any reasoning," such that the reviewing court could not reach a decision on the merits. *Id.* at 986 (quoting *State v. Hendricks*, 944 S.W.2d 208, 210 (Mo. 1997) (en banc)). Here, by contrast, the Eighth Circuit was able to discern that there was no error on the issue of restitution, and that Petitioner's appeal fell within the scope of Petitioner's knowing and voluntary waiver of his appellate rights.

For these reasons, the Court will deny Petitioner's claim for ineffective assistance of appellate counsel.

**Evidentiary Hearing**

As noted above, an evidentiary hearing is not warranted in this case, as "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *accord Guzman-Ortiz v. United States*, 849 F.3d 708, 715 (8th Cir. 2017) (holding that a district court may forego an evidentiary hearing before dismissing a § motion when, "accepting the petitioner's allegations as true, the petitioner is not entitled to relief") (citation omitted).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Diondrey Hardwict's motion filed under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Petitioner has not made a substantial showing of the denial of a constitutional right, as required by 28 U.S.C. § 2253(c)(2).

A separate Judgment shall accompany this Memorandum and Order.

Audrey G. Fleissig

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 17th day of September, 2026.